HIGGINSON, Circuit Judge:
Nazario Gonzalez-Medina appeals his conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). On appeal, Gonzalez-Medina contends that he was not required to register as a sex offender because his Wisconsin conviction under Wise. Stat. § 948.09 for having sexual intercourse with a child age sixteen or older does not qualify as a “sex offense” within the meaning of the Sex Offender Registration and Notification Act (“SORNA”), 42 U.S.C. §§ 16901 et seq. Gonzalez-Medina further contends that SORNA’s registration requirement and criminal penalty exceed Congress’s authority under the Commerce Clause. For the *427 reasons articulated below, we AFFIRM Gonzalez-Medina’s conviction.
I.
Gonzalez-Medina was born in Mexico in 1979 or 1980 and is a Mexican citizen. On June 24, 2005, he was charged in Wisconsin state court with having sexual intercourse with a child age sixteen or older in violation of Wise. Stat. § 948.09. He pleaded no contest to the charge and was sentenced to sixty days in jail. Two years later, on November 28, 2007, Gonzalez-Medina was convicted in Texas state court of aggravated assault and sentenced to two years imprisonment. Prior to his release from state prison, Texas authorities informed Gonzalez-Medina of his duty to register as a sex offender for the duration of his lifetime based on his Wisconsin conviction. He signed a sex offender registration form and was later deported to Mexico. Three years later, on September 7, 2012, federal authorities found Gonzalez-Medina in a city jail in San Benito, Texas. A subsequent investigation revealed that he had been living in Texas for over a year and had not updated his sex offender registration after returning to the United States.
On September 25, 2012, a federal grand jury indicted Gonzalez-Medina for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), and illegal reentry in violation of 8 U.S.C. § 1326(a). Gonzalez-Medina pleaded guilty to the illegal-reentry charge. He then moved to dismiss the failure-to-register charge on the ground that his prior Wisconsin conviction does not qualify as a “sex offense.” SORNA defines a “sex offense” as, inter alia, “a criminal offense that has an element involving a sexual act or sexual contact with another.” See 42 U.S.C. § 16911(5)(A)(i). SORNA includes an exception to its definition of “sex offense” for “[a]n offense involving consensual sexual conduct ... if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.” 42 U.S.C. § 16911(5)(C). In his motion, Gonzalez-Medina argued that the court should apply the categorical approach to the age-differential determination in the § 16911(5)(C) exception. He further argued that Wise. Stat. § 948.09 is not a “sex offense” under the categorical approach because it does not include a four-year age differential as an element.
The district court denied the motion, and Gonzalez-Medina waived his right to a jury trial. After a bench trial, the district court found Gonzalez-Medina guilty of failure to register as a sex offender. The court first found that Gonzalez-Medina knowingly failed to register as a sex offender upon his return to the United States in May 2011. The court next found that Gonzalez-Medina had a duty to register because his Wisconsin conviction falls under SORNA’s definition of “sex offense” as “a criminal offense that has an element involving a sexual act or sexual contact with another.” See 42 U.S.C. § 16911(5)(A)(i). Finally, the court found that the age-differential exception in § 16911(5)(C) does not apply because the Wisconsin judgment listed Gonzalez-Medina as 24 years old at the time of his Wisconsin offense. The district court rejected application of the categorical approach to analyzing the age-differential language in the § 16911(5)(C) exception as inconsistent with the statutory language and intent of Congress. The court later sentenced Gonzalez-Medina to fifty-one months imprisonment and three years of supervised release on both his illegal-reentry and failure-to-register counts, to run concurrently. Gonzalez-Medina timely appealed. We review a district court’s finding of guilt after a bench trial for substantial evidence and its legal conclusions de novo. United States v. Morgan, 311 F.3d 611, 613 (5th Cir.2002).
*428 II.
A.
Gonzalez-Medina was convicted for violating 18 U.S.C. § 2250(a), which provides a criminal penalty for whoever (1) “is required to register under [SORNA]”; (2) “travels in interstate or foreign commerce ... ”; and (3) “knowingly fails to register or update a registration as required by [SORNA].”
Gonzalez-Medina disputes the first element — that he was required to register under SORNA. SORNA requires an individual to register if he or she is a “sex offender,” 42 U.S.C. § 16913(a), and defines “sex offender” as “an individual who was convicted of a sex offense,” id. at § 16911(1). SORNA defines “sex offense” expansively as, inter alia:
(i) a criminal offense that has an element involving a sexual act or sexual contact with another; [or]
(ii) a criminal offense that is a specified offense against a minor[.]
Id. at § 16911(5)(A). SORNA provides exceptions to this definition of “sex offense,” including the exception at issue in this case:
(C) An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than h years older than the victim.
Id. at § 16911(5)(C) (emphasis added).
On appeal, Gonzalez-Medina contends that the categorical approach applies to the age-differential determination in the § 16911(5)(C) exception, and that his Wisconsin conviction does not qualify as a “sex offense” under the categorical approach because the statute that formed the basis of his conviction does not include a four-year age differential as an element. See Wise. Stat. § 948.09 (“Whoever has sexual intercourse with a child who is not the defendant’s spouse and who has attained the age of 16 years is guilty of a Class A misdemeanor.”). He further contends that, as a result, his Wisconsin offense is broader than SORNA’s definition of “sex offense” and he hypothetically could have been convicted despite being less than four years older than the victim. Under the categorical approach, a court would be limited to comparing the elements of the Wisconsin statute to SORNA’s definition of “sex offense,” and could not consider the facts underlying the conviction. See, e.g., Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). The government responds that the text and purpose of SORNA indicate that Congress intended courts to be able to look at the factual circumstances of the conviction, rather than just the statutory elements, in determining the age differential between the victim and offender for the § 16911(5)(C) exception.
Gonzalez-Medina does not dispute the district court’s finding that his Wisconsin conviction falls within SORNA’s definition of “sex offense” as “a criminal offense that has an element involving a sexual act or sexual contact with another.” See 42 U.S.C. § 16911(5)(A)(i). Nor does he dispute the district court’s finding that he was in fact more than four years older than the victim at the time of his Wisconsin offense. Additionally, the parties appear to agree that if the categorical approach applies to the age differential in § 16911(5)(C), Gonzalez-Medina’s Wisconsin conviction does not qualify as a “sex offense” because the Wisconsin statute does not include a four-year age differential as an element. Accordingly, the sole issue on appeal is whether the categorical *429 approach applies to the four-year age differential in the § 16911(5)(C) exception.[1] For the following reasons — based on the language, structure, and broad purpose of SORNA — we conclude that Congress contemplated a non-categorical approach to the age-differential determination in the § 16911(5)(C) exception.
B.
We start with the language of the statute. At the outset, SORNA defines a “sex offender” as “an individual who was convicted of a sex offense.” 42 U.S.C. § 16911(1) (emphasis added). Courts have held, particularly in the context of criminal sentencing and immigration law, that the use of the term “convicted” can signal a categorical analysis. See Taylor v. United States, 495 U.S. 575, 600-01, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (noting that the term “conviction,” rather than “committed,” in the Armed Career Criminal Act (“ACCA”) requires an examination of the statute of conviction rather than any underlying facts); James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (applying the categorical approach to the residual clause of the definition of “violent felony” in the ACCA); see also Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 1685, 185 L.Ed.2d 727 (2013) (“‘Conviction’ is ‘the relevant statutory hook.’ ”); Silva-Trevino v. Holder, 742 F.3d 197, 201-02 (5th Cir. 2014). Accordingly, SORNA’s use of the term “convicted” might trigger the categorical approach, at least to some extent, in determining if a defendant has been “convicted of’ a sex offense.
The use of the term “convicted,” however, is not always determinative. For instance, in Nijhawan v. Holder, 557 U.S. 29, 32, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), the Supreme Court interpreted an immigration statute that rendered deport-able any alien “convicted of an aggravated felony at any time after admission.” (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)) (emphasis added). The statute defined “aggravated felony” as, inter alia, “an offense that ... involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.” Id. (quoting 8 U.S.C. § 1101 (a)(43)(M)(i)) (emphasis added). The Court held that, despite the use of the term “convicted,” the italicized language relating to victim loss could be determined based on the particular facts of the case, rather than the categorical approach. Id. The Court found a number of factors persuasive, including: (1) the words “in which” modifying “offense” “can refer to the conduct involved ‘in’ the commission of the offense of conviction, rather than to the elements of the offense”; (2) the “aggravated felony” definition lists certain other offenses that “almost certainly” call for circumstance-specific determinations; and (3) a categorical approach would leave the definition with “little, if any, meaningful application” as most fraud statutes do not include the relevant $10,000 monetary loss threshold as an element. Id. at 37-40, 129 S.Ct. 2294.
Similarly, in United States v. Hayes, 555 U.S. 415, 418, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009), the Court interpreted a criminal law prohibiting the possession of a firearm by any person “convicted of ‘a misdemeanor crime of domestic violence.’ ” (quoting 18 U.S.C. § 922(g)(9)) (emphasis added). The statute defined “misdemean- or crime of domestic violence” as a misde *430 meanor that “has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse ...” Id. at 420,129 S.Ct. 1079 (quoting 8 U.S.C. 921(a)(33)(A)) (emphasis- added). The Court held that the domestic-relationship requirement need not be an element of the predicate statute of conviction and could be determined under the circumstance-specific approach. Id. at 418, 129 S.Ct. 1079. The Court looked to the statutory language (“committed by”), the broad Congressional purpose, and the fact that only one-third of states had criminal statutes that specifically proscribed domestic violence when the provision was enacted. Id. at 421-29,129 S.Ct. 1079.
Accordingly, here, as in Nijhawan and Hayes, the use of the term “convicted” is not determinative. We must look to the language, structure, and purpose of the statutory provision. See, e.g., Silva-Trevino, 742 F.3d at 200-05 (analyzing statutory language, structure, and purpose to determine whether the categorical approach applies to the “crime involving moral turpitude” determination in 8 U.S.C. § 1182(a)(2)(A)(i)). As described below, a number of considerations, including some of the same considerations present in Nijhawan and Hayes, weigh against application of the categorical approach to the age-differential determination in the § 16911(5)(C) exception.
First, a comparison of the definition of “sex offense” in § 16911(5)(A)(i) and the exception in § 16911(5)(C) lends support for a non-categorical approach to the age-differential determination in the exception. Subsection (5)(A)(i) defines a “sex offense” as “a criminal offense that has an element involving a sexual act or sexual contact with another.” 42 U.S.C. § 16911(5)(A)(i) (emphasis added). The definition’s focus on the “elementfs]” of the predicate offense strongly suggests that a categorical approach applies to (5)(A)(i). In contrast, the (5)(C) exception excludes from the definition of “sex offense” an offense “involving consensual sexual conduct ... if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.” Id. at § 16911(5)(C) (emphasis added). The exception contains no reference to the “elements” of the offense. Instead, Congress defined the exception in terms of the “conduct” “in-volv[ed]” in the “offense.” The exception’s reference to conduct, rather than elements, is consistent with a circumstance-specific analysis. See United States v. Byun, 539 F.3d 982, 992 (9th Cir.2008) (reasoning that § 16911(7)(I)’s reference to “conduct” suggests that “it is the underlying ‘conduct,’ not the elements of the crime of conviction, that matter”).
Second, the other exception to the definition of “sex offense,”- located in § 16911(5)(B), calls for a non-categorical analysis. The (5)(B) exception provides that:
(B) A foreign conviction is not a sex offense for purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused....
42 U.S.C. § 16911(5)(B). This exception requires an inquiry into facts outside of the statute of conviction and into the circumstances of the country in which the conviction took place. In Nijhawan, the Supreme Court found it significant that the statute in question featured other provisions that “almost certainly” called for a non-categorical analysis. 557 U.S. at 37, 129 S.Ct. 2294 (“More importantly, however, the ‘aggravated felony’ statute differs from the ACCA in that it lists certain other ‘offenses’ using language that almost certainly does not refer to generic crimes but refers to specific circumstances.”). Similarly here, that Congress intended *431 courts to look beyond the statute of conviction for the (5)(B) exception is evidence that Congress may have intended courts to look beyond the statute of conviction for the (5)(C) age-differential exception as well.
Third, other age-specifíc SORNA provisions similarly appear to call for a circumstance-specific, rather than categorical, approach as to age determinations. See, e.g., 42 U.S.C. § 16911(8); see also Byun, 589 F.3d at 993-94 (holding that a non-categorical approach applies as to the victim’s age in the § 16911(7) definition of “specified offense against a minor”); National Guidelines for Sex Offender Registration and Notification, 73 Fed.Reg. 38,030, 38,052-53 (July 2, 2008) (interpreting the victim’s age to be a circumstance-specific determination in a number of SORNA provisions).
Finally, application of a non-eategorical approach to the age differential in the § 16911(5)(C) exception is most consistent with SORNA’s broad purpose. Congress enacted SORNA to “protect the public from sex offenders and offenders against children” and to “establish[] a comprehensive national system for the registration of those offenders.” 42 U.S.C. § 16901. SORNA’s language confirms “that Congress cast a wide net to ensnare as many offenses against children as possible.” United States v. Dodge, 597 F.3d 1347, 1355 (11th Cir.2010) (en banc).
Application of the categorical approach to the (5)(C) age-differential determination would frustrate SORNA’s broad purpose and restrict SORNA’s reach. Gonzalez-Medina contends that a predicate statute of conviction can qualify as a sex offense only if it includes a four-year (or more) age differential as a statutory element. Yet, a significant number of federal and state statutes that fall into SORNA’s definition of “sex offense” in § 16911(5)(A) do not include an age differential as an element. See, e.g., 18 U.S.C. § 2251(a) (child pornography); Tex. Penal Code §§ 43.02, 22.011 (statutory rape and child prostitution).[2] Of the statutes that do include an age differential as an element, only a fraction include an age differential of four or more years. See, e.g., Miss.Code Ann. § 97-3-65 (three-year age differential). Application of the categorical approach in this context would cause statutes without such an age differential as an element to fall outside of SORNA’s definition of “sex offense.” We do not believe that Congress intended the age-differential language in the (5)(C) exception to restrict the reach of SORNA in this manner. See Nijhawan, 557 U.S. at 40, 129 S.Ct. 2294; Hayes, 555 U.S. at 427, 129 S.Ct. 1079.
In sum, all of the above considerations support application of a non-categorical approach to the age-differential determination in the (5)(C) exception.
C.
Gonzalez-Medina contends that the Sixth Amendment concerns present in the sentencing context require a categorical approach to the § 16911(5)(C) age-differential exception. Gonzalez-Medina asserts that the categorical approach is necessary in order to protect a defendant’s right to a jury determination of the four-year age differential. Gonzalez-Medina cites Ap-prendi v. Jersey for the proposition that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The government represented *432 in its brief and at oral argument that the prosecutor in a failure-to-register prosecution under 18 U.S.C. § 2250(a) is required to prove beyond a reasonable doubt to the jury (or to the court in the case of a jury-waived trial) that the criteria for the (5)(C) exception are not met, including the four-year age differential, thus eliminating any Sixth Amendment concerns. See Nijhawan, 557 U.S. at 40, 129 S.Ct. 2294; Hayes, 555 U.S. at 426, 129 S.Ct. 1079.[3]
Gonzalez-Medina further contends that the age-differential exception is ambiguous as to whether the categorical approach applies and the rule of lenity requires that the ambiguity be resolved in his favor. “[T]he rule of lenity only applies if, after considering the text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.” United States v. Castleman, — U.S. -, 134 S.Ct. 1405, 1416, 188 L.Ed.2d 426 (2014) (quoting Barber v. Thomas, 560 U.S. 474, 488, 130 S.Ct. 2499, 177 L.Ed.2d 1 (2010)). For the reasons above, the (5)(C) exception does not rise to the level of a “grievous ambiguity,” requiring this court to “simply guess as to what Congress intended.” Instead, the language, structure, and broad purpose of SORNA all indicate that Congress intended a non-categorical approach to the age-differential determination in (5)(C).
We therefore hold that a non-cate-gorieal approach applies for purposes of determining the age differential in the § 16911(5)(C) exception. A four-year age differential need not be an element of the predicate offense. In this case, the government presented evidence, and Gonzalez-Medina did not dispute, that he was in fact more than four years older than the victim at the time of his Wisconsin offense. Accordingly, the district court properly found that the (5)(C) exception does not apply and that Gonzalez-Medina was required to register as a sex offender.
III.
In his second issue on appeal, Gonzalez-Medina contends that SORNA’s criminal penalty and civil registration requirement exceed Congress’s power under the Commerce Clause. Gonzalez-Medina acknowledges that his challenge is foreclosed by United States v. Whaley, 577 F.3d 254 (5th Cir.2009). In Whaley, this court held that SORNA’s criminal penalty under 18 U.S.C. § 2250(a)(2)(B) falls within Congress’s power to regulate the channels of interstate commerce. Id. at 258. This court further held that SORNA’s civil registration requirement falls within Congress’s power under the Commerce Clause and the Necessary and Proper Clause as a means of “furthering the goal of preventing offenders from ‘slipping through the cracks’ by changing jurisdictions.” Id. at 260. We may not overturn the prior decision of another panel of our court absent an intervening change in law, such as a statutory amendment or a contrary or superseding decision by either the Supreme Court or this court en banc. See Jacobs v. Nat’l Drug Intelligence Ctr., 548 F.3d 375, 378 (5th Cir.2008). Gonzalez-Medina does not assert that there has been an intervening change in law after the Whaley deci *433 sion. Accordingly, we have no occasion to revisit Whaley in this case.[4]
IV.
For the foregoing reasons, we AFFIRM the district court’s judgment and Gonzalez-Medina’s conviction for failure to register as a sex offender under 18 U.S.C. § 2250(a).

. Contrary to the dissent’s implication, this court need not decide the applicability of the categorical approach to the phrase "involving consensual sexual conduct” in the (5)(C) exception, as the parties do not raise this issue on appeal. For the same reason, this court need not decide the applicability of the categorical approach to the definitions of "sex offense” in 42 U.S.C. § 16911(5)(A).

. Although the dissent focuses on the fact that over half of states have statutory rape laws that include an age differential, the language of the (5)(C) exception does not restrict its application to statutory rape offenses.

. Gonzalez-Medina also contends that application of the categorical approach avoids the “practical difficulties and potential unfairness” of relitigating facts related to a prior conviction years later in a subsequent criminal proceeding. See Taylor, 495 U.S. at 601, 110 S.Ct. 2143. This concern, however, is less pressing where the disputed fact in the subsequent criminal proceeding is limited to the age of the victim and offender at the time of the prior offense. Ordinarily, age can be ascertained from documentary evidence or brief witness testimony.

. Gonzalez-Medina also states that if the court vacates his SORNA conviction, the court should vacate his sentence for his illegal-reentry charge to allow the government and district court to consider an additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3El.l(b). Because we affirm Gonzalez-Medina's SORNA conviction, we need not reach this request. Furthermore, we perceive no error in the district court’s award of a two-level, rather than three-level, reduction for acceptance of responsibility under § 3E1.1. See United States v. Kleinebreil, 966 F.2d 945, 952-53 (5th Cir.1992).