# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON SCOTT KLINEFELTER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-746-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jason Scott Klinefelter was found guilty at a bench trial of one count of failing to register as a sex offender as required under the Sex Offender Registration and Notification Act (SORNA), and he was sentenced to 21 months in prison and three years of supervised release. On appeal, Klinefelter contends that the Government failed to show that he was required to register under SORNA. In particular, he maintains that his Maryland conviction for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40345

second degree rape did not qualify as a "sex offense" because the state statute permits a conviction for consensual sexual conduct if the victim is at least 13 years old and the offender was not more than four years older than the victim, because such conduct is considered an exception to the definition of a "sex offense." *See* 42 U.S.C. § 16911(5)(C) (statutory exception). Klinefelter asserts that under the categorical approach, the Government is unable to prove that his conviction did not fall under the exception. We have rejected the argument that the categorical approach should be used in these circumstances and have instead applied a "circumstance-specific" approach. *United States v. Gonzalez-Medina*, 757 F.3d 425, 428-32 (5th Cir. 2014). The stipulation of facts submitted at the bench trial established that Klinefelter was more than four years older than the victim. Klinefelter concedes that his argument is foreclosed by *Gonzalez-Medina*, but he seeks to preserve the issue for further review.

In addition, Klinefelter asserts that the SORNA intrastate registration requirement is unconstitutional because it exceeds Congress's authority under the Commerce Clause. He maintains that the Necessary and Proper Clause does not authorize the enactment of SORNA because the statute improperly expands federal power. Klinefelter concedes, however, that his arguments are foreclosed by *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009); he wishes to raise his challenges to preserve them for further review. Accordingly, Klinefelter's unopposed motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.