# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40168

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MENDOZA, also known as Jose Mendoza-Arriola,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

EDITH B. CLEMENT, Circuit Judge:

Jose Mendoza was indicted on one count of unlawfully entering the United States after having previously been deported, in violation of 8 U.S.C. § 1326. He pleaded guilty to the count on November 4, 2013. After finding that Mendoza had previously been deported in 2008 following a federal conviction for conspiracy to launder monetary instruments, the sentencing judge applied an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Mendoza was sentenced within the advisory guidelines range to a sentence of forty-one months. He challenges this eight-level enhancement on appeal.

No. 14-40168

The issue on appeal is whether the district court committed plain error when it found that Mendoza's prior money laundering conviction was an aggravated felony. The parties do not dispute that Mendoza was convicted of conspiracy to commit money laundering. Mendoza contends, however, that the district court relied on the presentence report in order to prove that his prior conviction was an aggravated felony, in violation of *Shepard v. United States*, 544 U.S. 13 (2005).

Because Mendoza did not raise this issue in district court, we review for plain error. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). Plain error review has three components. First, Mendoza must show that there was an error, and that it was clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Second, he must show that this error affected his substantial rights. *Id.* Third, he must show that this error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and alteration omitted).

Mendoza received an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for previously being deported after committing an aggravated felony. Money laundering is an aggravated felony if "the amount of the funds exceeded $10,000." 8 U.S.C. § 1101(a)(43)(D).[1] The federal money laundering statute under which Mendoza was convicted, however, does not contain a $10,000 threshold. *See* 18 U.S.C. § 1956. Since Mendoza's conviction did not necessarily involve an amount greater than $10,000, the district court was required to look to evidence outside the text of the statute in order to determine if a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C) was warranted.

The issue Mendoza appeals is what documents may be considered in this

---

[1] Application Note 3(A) to U.S.S.G. § 2L1.2 defines "aggravated felony" by incorporating 8 U.S.C. § 1101(a)(43)(D).

2

determination.  Mendoza contends that the district court erred by examining documents beyond those permitted under the modified categorical approach set forth in *Shepard*, 544 U.S. 13 and *Taylor v. United States*, 495 U.S. 575 (1990).  These cases concern instances when a district court must determine whether a generic crime in a statutory provision is covered by a prior conviction.  In such an instance, the district court is limited to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Shepard*, 544 U.S. at 16.

The issue before the district court in this case, however, was not whether the generic crime in 8 U.S.C. § 1101(a)(43)(D) (the sentencing statute) was satisfied by 18 U.S.C. § 1956(h) (the statute of conviction).  The issue before the district court was whether Mendoza's prior money laundering conviction involved loss in excess of $10,000.  Thus, the district court's analysis was governed by *Nijhawan v. Holder*, 557 U.S. 29 (2009), not *Shepard* or *Taylor*.

In *Nijhawan* the Supreme Court held that when a statute "does not refer to generic crimes but refers to specific circumstances," *Taylor* does not apply. 557 U.S. at 37.  A generic crime would include "the crime of fraud or theft in general."  *Id.* at 34.  In contrast, a specific circumstance refers to the "specific way in which an offender committed the crime on a specific occasion."  *Id.*

In *Nijhawan*, the question was whether the fraud offense was an aggravated felony for deportation purposes when the statute defining aggravated felony had a $10,000 threshold requirement but the charged statute for the prior conviction did not.  *Id.* at 32.  The Court noted that the definitional statute, 8 U.S.C. § 1101(a)(43), contains a long list of offenses, several of which clearly do not refer to generic crimes.  *Id.* at 37–38; *See also*, *e.g.*, 8 U.S.C. § 1101(a)(43)(M)(i) (stating that fraud is an aggravated felony if

the loss exceeds $10,000), (P)(ii) (stating that forging a passport is an aggravated felony if the maximum term of imprisonment is at least 12 months, unless the alien was only helping a "spouse, child, or parent"). Since there is no generic crime equivalent to some of the Section 1101(a)(43)'s subdivisions, the Court held that those subdivisions must refer to "particular circumstances in which an offender committed the crime on a particular occasion." *Nijhawan*, 557 U.S. at 38.

Having found the circumstance-specific approach applicable, the Court held that it could "find nothing unfair about the Immigration Judge's having here relied upon earlier sentencing-related material" in determining that a conviction qualified as an aggravated felony. *Id.* at 42. Specifically, the Court held that it was permissible for the Immigration Judge to consider the defendant's stipulation at sentencing and the court's restitution order for the prior conviction to determine the amount of loss involved in the crime. *Id.* at 42–43.

Additionally, this court has extended the *Nijhawan* circumstance-specific analysis beyond the immigration context, to criminal law, when faced with facts similar to those in this case. *United States v. Gonzalez-Medina*, 757 F.3d 425, 428–32 (5th Cir. 2014), applied the circumstance-specific approach to determine if a state sexual assault conviction satisfied the elements of the federal Sex Offender Registration and Notification Act ("SORNA"). In *Gonzalez-Medina* the defendant was convicted for failing to register as a sex offender under SORNA. SORNA exempted from the definition of sex offender offenses where the victim was over thirteen and the perpetrator was not more than four years older than the victim. *Id.* at 428 (citing 42 U.S.C. § 16911(5)(C)). The defendant challenged his failure-to-register conviction on the basis that, applying the categorical approach, the statute of his prior

conviction did not qualify as a sex offense under SORNA because it did not contain SORNA's age exception. After a careful examination of the text of SORNA, this court found that the categorical approach did not apply, and that there was no error in the district court's consideration of evidence presented by the government showing the defendant's and victim's ages for the prior conviction. *Id.* at 431–32.

Applying *Nijhawan* to this case, we turn to the language of Section 1101(a)(43)(D), which defines an aggravated felony as "an offense described in section 1956 of Title 18 [the section Mendoza was convicted under] . . . if the amount of the funds exceeded $10,000." The first step in the *Nijhawan* analysis is to determine if this section defines a generic crime or a specific circumstance.

Section 1101(a)(43)(D) clearly refers to a specific circumstance. The language "if the amount of the funds exceeded $10,000," creates a subcategory of money laundering convictions that qualify as aggravated felonies. Absent this provision, the section would refer to generic money laundering. But, its inclusion clearly signals that Congress intended for only a subcategory of money laundering offenses—those over $10,000—to be classified as aggravated felonies. Understood another way, a court determining the applicability of Section 1101(a)(43)(D) must look beyond the text of the money laundering statutes to determine if the funds from the underlying crime exceeded $10,000 because the statutes themselves say nothing about the amount of lost money. Indeed, *Nijhawan* itself involved an identical $10,000 threshold requirement, and the Supreme Court found that requirement to be circumstance specific rather than an element of the offense. 557 U.S. at 40.

Consider also that interpreting Section 1101(a)(43)(D) under the generic crime categorical approach would render the section meaningless. The

5

categorical approach would hold that only those crimes defined in 18 U.S.C. § 1956 which include as an element that the laundered funds exceed $10,000 are aggravated felonies.  This would render the section meaningless because no crime in 18 U.S.C. § 1956 contains a $10,000 loss requirement.

The district court, therefore, was not determining whether a prior conviction met the elements of a generic crime in a statute.  The restrictions set forth in *Shepard* and *Taylor* did not apply.  The district court did not err in considering the PSR and attached documents in order to determine if Mendoza's conviction for conspiring to launder money was an aggravated felony.

The PSR and the attached documents show that Mendoza was charged with money laundering under 18 USC § 1956 and pleaded guilty to that count.  The evidence submitted to the district court also shows, by a preponderance of the evidence, that Mendoza's money laundering involved more than $10,000.  *See United States v. Teuschler*, 689 F.3d 397, 399 (5th Cir. 2012) ("The Government bears the burden of proving by a preponderance of the relevant and reliable evidence that the facts support a sentencing enhancement." (internal quotation marks omitted)); *see also Hakim v. Holder*, 628 F.3d 151, 153–55 (5th Cir. 2010) (holding that Section 1101(a)(43)(D) requires that the money laundering involve more than $10,000, not that $10,000 or more was tainted).  The PSR given to the court described the prior conviction for money laundering as involving at least $52,120.  This, absent evidence to rebut it, is sufficient to support the district court's determination that Mendoza's money laundering involved more than $10,000.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) ("Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing.  In the absence of

rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." (internal alterations and quotation marks omitted)).

In conclusion, whether a defendant's previous money laundering conviction satisfies 8 U.S.C. § 1101(a)(43)(D)'s $10,000 threshold is a question of specific circumstances. The evidence a court may consider under a specific circumstances inquiry is broader than the evidence that may be considered under a modified-categorical analysis inquiry. The district court, therefore, did not err in examining the PSR in order to determine that Mendoza committed an aggravated felony. We AFFIRM the district court's ruling.