# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30748
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GRAHAM COOPER GYDE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-26-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Graham Cooper Gyde was convicted of failing to register as a sex offender, and he was sentenced within the guidelines range to a 57-month term of imprisonment and to a 10-year period of supervised release. Gyde asserts that the district court erred in overruling his objection to imposition of an 8-level guidelines adjustment under U.S.S.G. § 2A3.5(b)(1)(C) based on its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that Gyde committed a sex offense against a minor while in failure-to-register status.

Sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). "A district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, while its factual findings are reviewed for clear error." *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015) (internal quotation marks, internal brackets, and citation omitted). We review the district court's finding that Gyde committed a sex offense against a minor while on unregistered status for clear error. *See United States v. Lacouture,* 835 F.3d 187, 189-90 (1st Cir. 2016) (reviewing determination that defendant committed a sex offense against a minor while in unregistered status reviewed for clear error); *see also United States v. Boudreau*, 250 F.3d 279, 282-83 (5th Cir. 2001) (reviewing district court's determination whether visual depiction of minor constituted lascivious exhibition of minor's genitals or pubic area under 18 U.S.C. § 2256(2)(E) for clear error). Findings that are plausible, based on the record as a whole, are not clearly erroneous. *Ochoa-Gomez*, 777 F.3d at 282. The district court may base its findings at sentencing on any information having sufficient indicia of reliability to support their probable accuracy, such as unrebutted information contained in a presentence report. *Id.*

The offense level of a defendant convicted of failing to register as a sex offender is increased by 8 levels if, while on failure-to-register status, the defendant committed a sex offense against a minor. § 2A3.5(b)(1)(C). The term "sex offense" has the meaning given in 42 U.S.C. § 16911(5), which has been recodified and transferred to 34 U.S.C. § 20911. § 2A3.5, comment. (n.1). Under § 20911(5)(A), a "sex offense" is, inter alia, "(ii) a criminal offense that

2

is a specified offense against a minor." The phrase "specified offense against a minor" means, inter alia, "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct." § 20911(7)(H). We have applied a circumstance-specific approach in considering whether the district court clearly erred in imposing the sentencing enhancement. *See United States v. Gonzalez-Medina*, 757 F.3d 425, 427-31 (5th Cir. 2014).

The term "criminal offense" includes state and local offenses, § 20911(6), and conviction of a sex offense is not required. *United States v. Lott*, 750 F.3d 214, 220-21 (2d Cir. 2014). Two Louisiana criminal statutes are implicated by Gyde's conduct. *See* LA. REV. STAT. ANN. 14:81.3(A)(1) (West, Westlaw through Acts 2014); LA. REV. STAT. ANN. 14:81(A)(2) (West, Westlaw through Acts 2010).

Because the findings in the presentence report were unrebutted, the district court could accept them without further inquiry. *See Ochoa-Gomez*, 777 F.3d at 282. We hold that the district court did not clearly err in finding that Gyde's social media solicitations of a minor constituted "criminal sexual conduct involving a minor" for purposes of § 20911(7)(H) and that, therefore, Gyde committed a sex offense against a minor for purposes of the § 2A3.5(b)(1)(C) enhancement. *See* § 20911(5)(A)(ii), (6), (7)(H); *Ochoa-Gomez*, 777 F.3d at 281-82. The judgment is AFFIRMED.