In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-3529

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHARD WALKER,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:17-cr-184 — **Pamela Pepper**, *Judge.*

———————————

ARGUED MAY 29, 2019 — DECIDED JULY 23, 2019

———————————

Before RIPPLE, ROVNER, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Richard Walker was convicted for
failing to register as a sex offender between 2016 and 2017, as
required by the Sex Offender Registration and Notification
Act. He argues that his conviction must be vacated because he
did not have to register at that time. We agree. Because his
obligation to register—triggered by a 1998 Colorado convic-
tion—expired after fifteen years, we reverse the district court
and vacate Walker's conviction and sentence.

I.

In 1997, Richard Walker sexually assaulted his four- and six-year-old nephews. In 1998, he pleaded guilty to violating a Colorado law that prohibits sexual contact with a child under fifteen by anyone who is a least four years older than the child. COLO. REV. STAT. § 18-3-405(1). Walker was sentenced to four years' probation, but probation was later revoked, and he served a term in prison. After his release, Walker had to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). SORNA imposes a three-tier progressive registration scheme that tracks the severity of the original offense. Tier I offenders must register for 15 years, Tier II offenders for 25 years, and Tier III offenders for life. *See* 34 U.S.C. § 20915(a).

In 2017, Walker was indicted for failing to register as a sex offender from June 2016 to July 2017. *See* 18 U.S.C. § 2250(a). To prove "failure to register," the government must, among other things, prove that the defendant was in fact required to register. *Id.* § 2250(a)(1). Walker moved to dismiss the indictment, arguing that his 1998 conviction was only a Tier I offense, which would mean that his obligation to register as a sex offender ended 15 years after his conviction and sentence. Because he had no obligation to register between June 2016 and July 2017, he contended, he could not be convicted for failing to do so.

The district court disagreed. It determined that Walker was at least a Tier II offender and denied his motion to dismiss. Walker later entered a conditional guilty plea, preserving his right to appeal the district court's decision about whether the law required him to register as a sex offender.

At sentencing, the district court had to determine more precisely whether Walker was a Tier II or Tier III offender in order to calculate his guidelines range. The relevant difference between Tiers II and III for purposes of the district court's analysis is the age of the victim: if the defendant's victim was under 13, then he is a Tier III offender; if the victim was a minor age 13 or older, then he is a Tier II offender. *See* 34 U.S.C. § 20911(4)(A)(ii) & (3)(A). Though Walker's conviction under the Colorado statute communicated only that his victim was under 15, the district court looked past the conviction to find that his victims were actually ages four and six. The court thus held that Walker was a Tier III offender and sentenced him to a below-guidelines 26-month term of imprisonment.

Walker appeals, arguing that his conviction must be vacated because he is a Tier I offender and was therefore not required to register during the relevant time.

## II.

Walker's conviction and sentence both turn on his tier classification. If he is a Tier I offender, we must reverse the denial of his motion to dismiss and vacate his conviction. If he is a Tier II offender, his conviction stands, but he must be resentenced. If he is a Tier III offender, his conviction and sentence must be affirmed.

## A.

As relevant here, a person is a Tier II sex offender if his offense of conviction is "comparable to or more severe than … abusive sexual contact (as described in section 2244 of title 18)" and is "committed against a minor." 34 U.S.C. § 20911(3)(A)(iv). A person is a Tier III offender if he commits

the same kind of offense "against a minor who has not attained the age of 13 years." *Id.* § 20911(4)(A)(ii).[1] And if a sex offender does not satisfy the requirements of Tier II or Tier III, then he is a Tier I offender. *Id.* § 20911(2).

Determining Walker's proper tier classification thus requires us to compare his 1998 Colorado conviction with SORNA's tier definitions. Because SORNA instructs us to compare Walker's offense to the "offenses" described in corresponding sections of the Federal Criminal Code (18 U.S.C. § 2244 and offenses listed therein), we employ the "categorical approach." *See United States v. Taylor*, 644 F.3d 573, 576 (7th Cir. 2011); *see also Nijhawan v. Holder*, 557 US. 29, 36–37 (2009) (explaining that reference "to an 'offense described in' a particular section of the Federal Criminal Code" indicates a generic offense that calls for a categorical analysis); *United States v. White*, 782 F.3d 1118, 1132–33 (10th Cir. 2015). Under the categorical approach, the actual facts underlying the defendant's conviction don't matter. Instead, the court compares the elements of the predicate offense—i.e., the facts *necessary* for conviction—to the elements of the relevant federal offense. If the elements of the predicate offense are the same (or narrower) than the federal offense, there is a categorical match. *See Descamps v. United States*, 570 U.S. 254, 260–61 (2013). But if the elements of the state conviction sweep more broadly such that there is a "realistic probability … that the State would apply its statute to conduct that falls outside" the definition of the federal crime, then the prior offense is not a

---

[1] There are other ways to qualify as a Tier II or III offender, but none is relevant here. *See* 34 U.S.C. § 20911(3) & (4).

categorical match. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).[2]

SORNA, however, adds a wrinkle to the analysis. For a sex offender to qualify for Tier II or III, SORNA also requires that his victim have certain characteristics distinct from the elements of the referenced federal offenses—namely, that the victim be under a specified age. The two circuits to have directly considered the implications of SORNA's age requirements agree that the text compels a circumstance-specific analysis of the victim's age on top of the otherwise categorical comparison between the state and federal offenses. *See United States v. Berry*, 814 F.3d 192, 196–98 (4th Cir. 2016) (applying "the categorical approach to the generic crimes listed in SORNA's tier III definition" but reading SORNA's reference to a victim "who has not attained the age of 13" to be "an

---

[2] Other courts that have applied SORNA's tier provisions seem to read "whose offense … is comparable to or more severe than" one of the listed federal "offenses," *see* 34 U.S.C. § 20911(3)(A) & (4)(A), as collectively triggering a categorical approach identical to that employed under other statutes, *see, e.g., United States v. Cammorto*, 859 F.3d 311, 314 (4th Cir. 2017); *United States v. Young*, 872 F.3d 742, 745–47 (5th Cir. 2017); *White*, 782 F.3d at 1137. As we note above, our caselaw suggests that SORNA triggers at least that much. It is possible, though, that the phrases "comparable to" and "more severe than" trigger independent categorical commands such that the predicate offense must be *either* comparable to *or* more severe than the federal offense. On this reading, the latter phrase might encompass predicate offenses that prohibit conduct that is not covered by, but is categorically more severe than, that prohibited by the baseline federal offenses. For example, that phrase might encompass a predicate offense whose elements reach victims younger than those included in the federal offense because molesting a younger child is an even more severe offense than molesting an older one. The government does not raise this possibility, however, so we do not address it here.

instruction to courts to consider the specific circumstance of a victim's age"); *White*, 782 F.3d at 1135 ("Congress intended courts to apply a categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute, but to employ a circumstance-specific comparison for the limited purpose of determining the victim's age.").

We join the Fourth and Tenth Circuits in concluding that SORNA's text compels a hybrid approach. In so doing, we follow the Supreme Court's analysis in *Nijhawan v. Holder*. *See* 557 U.S. at 37–38 (acknowledging that a single provision might call for a hybrid approach—part categorical and part circumstance-specific—when comparing the defendant's offense of conviction). In *Nijhawan*, the Supreme Court emphasized that the "aggravated felony" provision of the Immigration and Nationality Act "contains some language that refers to generic crimes and some language that almost certainly refers to the specific circumstances in which a crime was committed." *Id.* at 38. Sometimes that dual language appears in a single provision. The Court identified subparagraph (P) of the aggravated felony statute as one such example. *Id.* at 37–38. That provision refers to "an offense" that amounts to "forging … passport[s]" but adds an exception to that qualifying crime for offenses committed under particular circumstances. *Id.* (alterations in original). The Court explained that while the forging-passports language "may well refer to a generic crime … the exception cannot possibly refer to a generic crime … because there is no such generic crime." *Id.* at 37. If no criminal statute contains both the offense and the exception outlined in subparagraph (P), then it would be impossible for a defendant's conviction to qualify as a predicate under that provision, and the provision would be void of any

meaningful application. *Id.* Thus, the Court concluded that "the exception must refer to the particular circumstances in which an offender committed the crime on a particular occasion." *Id.* at 38; *see also id.* (explaining that, in the same way, subparagraph (K)(ii) would be severely diluted without a hybrid analysis). Similar considerations dictate a hybrid approach in this case.

A person is a Tier II offender only if his prior offense matches "abusive sexual contact (as described in section 2244 of title 18)" *and* was "committed against a minor." 34 U.S.C. § 20911(3)(A). And he is a Tier III offender only if his prior offense matches one of the same federal offenses *and* was committed "against a minor who has not attained the age of 13 years." *Id.* § 20911(4)(A). While the references to 18 U.S.C. § 2244 trigger a categorical approach, we must also give meaning to the age-qualifiers that appear in both Tier II and Tier III. Only two of the five offenses cross-referenced in § 2244 even refer to age, and none of them have SORNA's specific age requirements as elements. *Cf. Nijhawan*, 557 U.S. at 38 (when the statute's added textual condition appears in only one of three cross-referenced criminal statutes, reading the condition as part of the generic crime would render the other two cross references "pointless"). Under *Nijhawan*, the age requirements are best and most naturally read to refer to the "particular circumstances in which an offender committed the crime on a particular occasion." *Id.* Because SORNA's tier provisions highlight victim age as an additional circumstance-specific consideration—apart from the categorical analysis comparing the defendant's offense to the federal offenses listed in § 2244—we must treat it like one.

The government argues that a circumstance-specific inquiry into victim age resolves this case because knowing the actual ages of Walker's victims (four and six) not only satisfies SORNA's Tier III victim-age requirement, but also places his offense within the scope of "abusive sexual contact (as described in section 2244 of title 18)." *See* 34 U.S.C. § 20911(4)(A)(ii); *see also* 18 U.S.C. § 2244(a)(5) (sexual contact with a person who has not attained the age of 12 years constitutes abusive sexual contact). In other words, the government wants to double dip: it asks us to apply SORNA's age requirement as both an independent addition to the categorical analysis *and* an exception within the categorical analysis, thereby collapsing the two-part inquiry outlined above.

That approach is inconsistent with both the text of SORNA—which, as we have already said, calls for a categorical approach—and the Supreme Court's precedent on conducting a categorical analysis. The Court has made clear that in a categorical analysis, there are no exceptions to the elemental comparison. *See Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) ("For more than 25 years, we have repeatedly made clear that application of the [categorical approach] involves, and involves only, comparing elements."). While it may "seem counterintuitive," *id.* at 2251, it isn't enough to know that Walker's victims were four and six—nor is it enough to know that he satisfies the "against a minor who has not attained the age of 13" requirement of Tier III. We must first consider whether his Colorado conviction is a categorical match to "abusive sexual contact (as described in section 2244 of title 18)." 34 U.S.C. § 20911(3)(A)(iv) & (4)(A)(ii). If it is, we *then* consider the age of the victim to complete the tier-classification determination.

This kind of distinction, derived from the text and structure of the statute, is familiar to our SORNA jurisprudence. *See United States v. Rogers*, 804 F.3d 1233, 1234 (7th Cir. 2015) ("We conclude that the threshold definition of 'sex offense' found in § 16911(5)(A)(i) requires a categorical approach—an inquiry limited to the elements of the offense—but the exception in subsection (5)(C) calls for an examination of the specific facts of the offense conduct."). We follow the same approach in analyzing Walker's case.

B.

We start with a categorical comparison of Walker's Colorado conviction to the generic federal crime of abusive sexual contact as defined by § 2244.

To sustain a conviction under the Colorado statute, a jury must find (or, as here, a guilty plea must admit) that the defendant "knowingly subject[ed]" a child who was "less than fifteen years of age" to "any sexual contact" and that the defendant was "at least four years older than the victim." COLO. REV. STAT. § 18-3-405(1). For its part, § 2244 defines abusive sexual contact as "knowingly engag[ing] in or caus[ing] sexual contact with or by another person, if doing so would violate" any one of five cross-referenced offenses "had the sexual contact been a sexual act." *See* 18 U.S.C. § 2244(a). As relevant here, those cross-referenced offenses prohibit knowingly engaging in a sexual act with another person if that person: is "incapable of appraising the nature of the conduct," § 2242(2)(A); "has attained the age of 12 years but has not attained the age of 16 years" and "is at least four years younger than the person so engaging," § 2243(a); or "has not attained the age of 12 years," § 2241(c). *See id.* § 2244(a)(2), (3), & (5).

Because the cross-referenced offenses (as modified by § 2244) and the Colorado statute both contain the element of knowing sexual contact with another, the only question is whether the Colorado statute's requirements that the victim be under 15 and at least four years younger than the defendant categorically match the remaining element(s) in any of the federal offenses.

The district court determined that the Colorado statute is a categorical match for § 2242(2)(A) (victim incapable of appraising the nature of sexual conduct). In reaching that conclusion it explained that the federal statute "appears to be very broad," encompassing adult victims with cognitive disabilities, those incapacitated by drugs or alcohol, and seniors with cognitive impairment. The court reasoned that young children are incapable of understanding the nature of sexual conduct. So, it continued, "if one assumes that children under the age of fifteen are 'incapable of appraising the nature' of sexual contact/assault, then § 2242(2)(A) appears to be much broader, and to encompass far more behavior, than the Colorado statute," making it a categorical match.

We disagree. Certainly, many children, and indisputably all children under a certain age, are incapable of appraising the nature of sexual conduct. But the assumption that children under the age of 15 are *categorically* incapable of understanding sexual conduct goes too far. At the very least, it is safe to say that many 14-year-olds understand the nature of sexual conduct. That means that the Colorado statute criminalizes conduct not covered by § 2242(2)(A)—i.e., the state statute "sweeps more broadly" than the federal statute—and there is no categorical match. *See Descamps*, 570 U.S. at 261.

So that leaves either § 2243(a) (victim at least 12 but under 16, and four years younger than the defendant) or § 2241(c) (victim under 12). Neither is a categorical match for the Colorado statute at issue here. Though narrower in some respects, the Colorado statute sweeps more broadly than § 2243(a) because it covers sexual contact against some victims under 12, and § 2243(a) does not. Likewise, the Colorado statute is broader than § 2241(c) to the extent that it covers some victims between the ages of 12 and 15, and § 2241(c) does not. In short, a conviction under the Colorado statute doesn't necessarily satisfy the elements of either federal offense and so fails the categorical analysis.

Because Walker's Colorado conviction is not a categorical match with "abusive sexual contact (as described in section 2244 of title 18)," he does not qualify for Tier II or Tier III status regardless of the actual ages of his victims. Walker is thus a Tier I offender. *See* 34 U.S.C. § 20911(2).

\* \* \*

As a Tier I offender, Walker was not required to register during the relevant period. We therefore REVERSE the district court's decision denying Walker's motion to dismiss, and we VACATE Walker's conviction and sentence.