# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10154

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE TORRES-PEREZ,

Defendant - Appellant

- - - - - - - - - - - - - - - - - - - - - -

CONSOLIDATED WITH
CASE NO. 14-10202

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEJANDRO ALVAREZ-RINCON,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

No. 14-10154

This consolidated opinion addresses two appeals of sentences that were entered following Jose Torres-Perez and Alejandro Alvarez-Rincon's ("the defendants-appellants") guilty pleas to illegal reentry after removal from the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Despite the defendants-appellants' entries of timely guilty pleas, which permitted the government to avoid preparing for trial, the government did not move for a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Instead, the government chose not to move under § 3E1.1(b) for the impermissible reason that neither defendant-appellant waived his right to appeal. The government now concedes on appeal that it was error to withhold the § 3E1.1(b) motion on this basis. However, the government contends that the error was insufficiently preserved to merit correction and, in the alternative, was harmless. For the reasons stated herein, we disagree and reverse.

## RELEVANT BACKGROUND

Following the defendants-appellants' guilty pleas to illegally reentering the United States, the defendants-appellants' presentence reports ("PSR") recommended a two-level adjustment for acceptance of responsibility pursuant to § 3E1.1(a). The PSRs further stated that the government would not move for the additional one-level reduction under § 3E1.1(b) due to the defendants-appellants' failure to waive their appellate rights. Torres-Perez did not file written objections to the PSR. Alvarez-Rincon did not object to the lack of a § 3E1.1(b) motion in his written objections to the PSR. However, at the sentencing hearings, the defendants-appellants requested that the district court[1] either vary downward or refrain from varying upward to compensate for the lack of the third-level reduction under § 3E1.1(b). The defendants-

---

[1] The defendants-appellants were sentenced before two, separate district judges.

2

appellants explained that it was improper for the government to withhold the § 3E1.1(b) motion on the basis of the defendants-appellants' refusal to waive the right to appeal.

In addressing the issue with regard to Torres-Perez, the district judge stated that it would not grant the one-level variance despite its normal policy to do so because of Torres-Perez's criminal history. With respect to Alvarez-Rincon, the district judge declined to give credit for the § 3E1.1(b) point because it did not believe the position of the Sentencing Commission was controlling on the issue.[2] The district judge explained that in the absence of any authority to the contrary, it would deny the additional reduction point.

Defendants-appellants timely appealed this issue.

## STANDARD OF REVIEW

The government asserts that the defendants-appellants have not preserved the § 3E1.1(b) issue for appeal because instead of objecting to the government's refusal to move, the defendants-appellants requested a downward variance. The defendants-appellants concede that plain error review applies. Nevertheless, it is this court, and not the parties, that must determine the appropriate standard of review. *United States v. Vonsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc) ("[N]o party has the power to *control* our standard of review. . . . If neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own[.]"); *United States v. Molina*, 174 F. App'x 812, 815–16 (5th Cir. 2006) (finding an error preserved for harmless-error review despite the defendant-appellant's concession that plain error review applied).

---

[2] In Amendment 775 to the United States Sentencing Guidelines, which became effective November 1, 2013, the Sentencing Commission took the position that the government shall not withhold a third-level reduction motion based on the defendant's refusal to waive his right to appeal. U.S.S.G., supp. to app. C, amend. 775, at pp. 43–46 (2013); *accord* U.S.S.G. § 3E1.1 cmt. n.6.

No. 14-10154

In both cases, the defendants-appellants raised the issue of the government's refusal to move for a third-level reduction at the sentencing hearing, although not in objections to the PSR. Counsel for Torres-Perez stated the following at his hearing:

> I have two preliminary matters before I get into the 3553(a) factors. The first is just to note that the offense level is reduced only by two for acceptance of responsibility, and the reason for that is that Mr. Torres has refused to waive his right to appeal. Despite the fact that the Guidelines have been changed and the Government has been advised that the Sentencing Commission requests that they not withhold that third level for acceptance of responsibility for that reason, the Government has still declined to move in this particular case. So for that reason, Your Honor, I would ask the Court to consider a downward variance of one offense level just to take into account the fact that Mr. Torres has fully accepted responsibility, he notified the Government in a timely manner, no one had to prepare for trial, no pretrial motions were filed in this case, and for that reason, Your Honor, we would ask for a downward variance of one just to take that into consideration.

Counsel for Alvarez-Rincon stated the following at his hearing:

> [M]ost defendants who plead guilty timely receive three levels for acceptance of responsibility; he received two. The Court has the authority to grant a one-level variance to eliminate that sentencing disparity. What the probation office did not mention as a factor for a possible variance is Application Note 6 to 31.1 [sic] which states, and I quote: The government should not withhold such a motion based on interest [sic] not identified in 31.1 [sic] such as whether the defendant agrees to waive his right of appeal. So I'm asking the Court to consider that. The government is asking the Court to ignore that. Okay. Three levels is the usual increase. It's what most defendants receive. It's what defendants in Fort Worth receive even if they don't waive their right to appeal. And a variance is solely within the Court's discretion. So certainly an upward variance — this is not a case for an upward variance, Your Honor.

4

No. 14-10154

"To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). In both cases, the district court was aware of the defendants-appellants' argument that the government was in error to withhold a motion for a third-level reduction. And in both cases, the district court specifically declined to grant a one-level reduction. Because the purposes of the preservation requirement were met in these cases — namely, the defendants-appellants "raise[d] a claim of error with the district court in such a manner so that the district court may [have] correct[ed] itself and thus, obviate[d] the need for our review[,]" we conclude that the issue of the § 3E1.1(b) reduction has been sufficiently preserved. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal citations omitted).

Preserved challenges to sentences, whether inside or outside the guidelines range, are reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). This court examines whether the district court committed any procedural errors, such as failing to calculate or incorrectly calculating the advisory guidelines range or determining the sentence based on "clearly erroneous facts."[3] *Id.* In making the procedural-error determination, this court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). If the district court committed a procedural error, we must remand unless the proponent of the sentence establishes that the error was harmless. *United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009).

---

[3] Where a sentence is procedurally sound, this court then considers whether the sentence is substantively reasonable under an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007).

No. 14-10154

## DISCUSSION

As the government concedes, it was error to withhold the § 3E1.1(b) motion on the basis of the defendants-appellants' refusal to waive their right to appeal.  In *United States v. Newson*, we held that a defendant's refusal to waive his right to appeal was a proper basis upon which the government could decline to move under § 3E1.1(b).  515 F.3d 374, 378 (5th Cir. 2008).  However, the Sentencing Commission issued a clarifying amendment that disagreed with our position.  That amendment, Amendment 775, became effective on November 1, 2013, and stated that the government should not withhold a motion for an additional one-level reduction based on an interest not identified in § 3E1.1 such as a defendant's waiver or non-waiver of his right to appeal.  U.S.S.G., supp. to app. C, amend. 775, at pp. 43–46 (2013); *accord* U.S.S.G. § 3E1.1 cmt. n.6.  On May 21, 2014, after the sentencing hearings for the defendants-appellants in this case, this court issued *United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014), which abrogated *Newson*'s rule that the government could withhold a § 3E1.1(b) motion due to the defendant's failure to waive his appellate rights.  Therefore, it is now unquestionably clear under our precedent that procedural error was committed in the instant cases.

We further conclude that the error in these cases was not harmless.  To establish harmlessness, the government must "convincingly demonstrate that the court would have imposed the very same sentence if it had not made an erroneous calculation." *United States v. Ibarra-Luna*, 628 F.3d 712, 719 (5th Cir. 2010).  There is insufficient evidence in the records for these cases to establish that the district court would have imposed the same sentence in the absence of its error.  To the contrary, there are aspects of both records that indicate the district court would have likely imposed a different sentence but for the error.  The district court gave Torres-Perez a within-guidelines sentence.  And the district court denied Alvarez-Rincon the additional

6

reduction point because it did not yet have guidance from this court that the rule announced in *Newson* was no longer correct. Thus, the government has not convincingly demonstrated harmlessness.

## CONCLUSION

Because of the procedural error that occurred in these cases, we REVERSE and REMAND for resentencing, consistent with this opinion.