# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

ALBERT AGUILAR-MUNOZ,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-268-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Within six weeks of being indicted, Albert Aguilar-Munoz pleaded guilty, without the benefit of a plea agreement, to illegal reentry. Based on this guilty plea, the pre-sentencing report applied a two-level reduction for acceptance of responsibility under the sentencing guidelines. *See* U.S.S.G. § 3E1.1(a). It further noted an additional one-level reduction under section 3E1.1(b) would

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10258

be withheld by the government because Aguilar-Munoz "failed to waive certain appellate rights."  Aguilar-Munoz filed a written objection to the withholding of this additional one-level reduction.  Subsequently, he offered to conditionally and partially waive his right to appeal and provided the government with a signed waiver.  The government agreed in principle but insisted Aguilar-Munoz sign an alternative form agreement.  Aguilar-Munoz never signed the agreement, and the case proceeded to sentencing.

At sentencing the parties discussed their inability to reach an agreement with respect to Aguilar-Munoz's offer to waive his appellate rights, and counsel for the defendant again "object[ed] to the denial of the third point."  Consistent with governing precedent at the time, the district court overruled the objection. *See United States v. Newson*, 515 F.3d 374 (2008).

Since Aguilar-Munoz's sentencing, the guidelines have been amended to provide: "The government should not withhold [a § 3E1.1(b)] motion based on interests not identified in § 3E1.1, such as whether the defendant agrees to waive his or her right to appeal."  We have held this amendment to be a clarification, and thus retroactive. *See United States v. Palacios*, 756 F.3d 325, 326 (5th Cir. 2014).  To the extent it interferes with application of Amendment 775, *Newson* is therefore no longer the law. *Id.* at 326 n.1.

Based on the foregoing developments, if the government withheld the one-level reduction based on Aguilar-Munoz's refusal to waive his right to appeal, there was undisputedly error. *See United States v. Torres-Perez*, No. 14-10154, 2015 WL 394105, at *2 (5th Cir. Jan. 29, 2015); *see also Palacios*, 756 F.3d at 326 (noting that the government "conceded error" after Amendment 775 took effect).  However, because Aguilar-Munoz offered to waive his appellate rights, the government argues that the plain error standard of review applies and that *Palacios* does not govern this case's outcome.  We disagree.

2

No. 13-10258

The error that Aguilar-Torres complains of on appeal is the same error he alerted the district court to. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir.2009). "[T]he district court was aware of the [defendant's] argument that the government was in error to withhold a motion for a third-level reduction," and "the district court specifically declined to grant a one-level reduction." *See Torres-Perez*, 2015 WL 394105, at *2. Moreover, it was only after filing his written objection, and as a necessity given then-governing law, that Aguilar-Munoz attempted to acquiesce to the government's improper demands. He never waived the original objection. Aguilar-Munoz frames his argument differently on appeal than he did before the district court because the law changed. The error remained the same and our ordinary standard of review applied.

Accordingly, we review Aguilar-Munoz's sentence for abuse of discretion. *Id.* at *3. In determining whether the court made any procedural errors we review "the district court's interpretation and application of the Sentencing Guidelines *de novo* and its findings of fact for clear error." *Id.*

We find that, under *Palacios* and *Torres-Perez*, it was error to withhold the further one-level reduction pursuant to § 3E1.1(b). The government argues *Palacios* is inapt because, ultimately, the government did not refuse the one-level reduction based on Aguilar-Munoz's refusal to waive appellate rights. It points to a facially compelling bit of evidence: Aguilar-Munoz in fact *offered* to waive his appellate rights. *Q.E.D.* The government's argument loses steam as quickly as it gathers it, however. The government insists it refused to grant the one-level reduction based on "other consideration (*i.e.*, his failure to adopt other non-waiver provisions)."

We need not embark at this stage on the task of determining whether the government's true reason in denying the one-level reduction was Aguilar-Munoz's refusal to adequately waive appellate rights. Either way, the

government withheld the one-level reduction "based on interests not identified in § 3E1.1." *See* U.S.S.G., supp. to app. C, amend. 775, at pp. 43–46 (2013). This was error. *See Torres-Perez*, 2015 WL 394105, at \*3.

Because the defendant preserved the claim of error and the "district court committed a procedural error, we must remand unless the proponent of the sentence establishes that the error was harmless." *Id.* "To establish harmlessness, the government must 'convincingly demonstrate that the court would have imposed the very same sentence if it had not made an erroneous calculation.'" *Id.* (quoting *United States v. Ibarra–Luna*, 628 F.3d 712, 719 (5th Cir. 2010)).

While the government does not address the harmless error standard, it does argue that "the available 'additional evidence' suggests that the district court would have imposed the same 75-month sentence even if it had considered the allegedly correct range." What, in the government's view, the evidence "suggests" is not sufficient to convince us as required by the harmless error standard. Not only did Aguilar-Munoz receive a within-guidelines sentence, the sentencing judge also "denied [him] the additional reduction point because it did not yet have guidance from this court that the rule announced in *Newson* was no longer correct." *See id.* "The government has not convincingly demonstrated harmlessness." *Id.*

The sentence is vacated and the case remanded for resentencing.