# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11293

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICHOLAS W. SCHOFIELD,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:

Nicholas W. Schofield pleaded guilty to one count of attempted transfer of obscene material to a minor, and the district court required him, as part of his sentence, to register as a sex offender after his release from prison. Schofield appeals the registration requirement. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, Nicholas W. Schofield, who was twenty-four at the time, began sending text messages to a fifteen-year-old girl in San Angelo, Texas. Schofield identified himself as an eighteen-year-old mechanic named "Nick," and he continued to converse with the girl via text messages through

No. 14-11293

February 2014. At that time, an undercover federal agent assumed the girl's side of the conversation, and Schofield continued the conversation with the agent through April 2014. Believing he was still communicating with the girl, Schofield sent the agent images of his erect penis, videos of himself and others masturbating, links to pornographic websites, and text messages describing himself masturbating. Schofield later admitted to sending eight pictures of his penis, three videos of himself masturbating, and messages describing himself masturbating and instructing the girl how to masturbate. Schofield also admitted to soliciting and receiving nude images of the girl.

On May 14, 2014, a grand jury indicted Schofield on one count of transfer of obscene material to a minor and four counts of attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470.[1] Pursuant to a written plea agreement, Schofield pleaded guilty to one count of attempted transfer of obscene material to a minor—specifically, his attempted transfer via text message of a video of an adult male masturbating. The remaining counts were dismissed at sentencing. The district court sentenced Schofield to twenty-four months imprisonment and ordered him to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA).

Prior to and at sentencing, Schofield objected to the district court's requirement that he register as a sex offender under SORNA, arguing that the crime of attempted transfer of obscene material to a minor was not a sex offense within the meaning of SORNA and therefore did not require

---

[1] The statute provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 1470.

registration.   Schofield contended that, because his offense is neither an enumerated federal offense nor a "specified offense against a minor" under 42 U.S.C. § 16911(5)(A), it is not a sex offense and therefore he is not required to register as a sex offender under SORNA.   Schofield also argued that SORNA's definition of "sex offense" under 42 U.S.C. § 16911(5)(A) and (7)(I) is unconstitutionally vague.   The district court overruled Schofield's objections and required him to register under SORNA upon release from prison.   While Schofield waived the right to appeal his conviction as part of his plea agreement, he reserved the right to appeal the requirement to register as a sex offender.   Schofield exercised that right and timely appealed.

## II. STANDARD OF REVIEW

The Government argues that this court's review is limited to plain error because Schofield did not object after the district court pronounced his sentence.   Schofield apparently concedes that plain error is the proper standard of review.   However, the court, not the parties, must determine the appropriate standard of review. *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015); *see also United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc) ("[N]o party has the power to *control* our standard of review.").   Schofield objected both to the presentence report and at his sentencing, raising the same arguments in the district court as he now raises on appeal.   Although Schofield did not renew his objection to SORNA registration after the district court imposed his sentence, his earlier objections sufficiently preserved the issues he now raises in this court.   Based on Schofield's earlier objections, the district court was aware of his arguments concerning why SORNA registration was not required.   Therefore, "the purposes of the preservation requirement were met in th[is] case[]—namely, the [defendant] 'raise[d] a claim of error with the district court in such a manner so that the district court may [have] correct[ed] itself and thus,

No. 14-11293

obviate[d] the need for [this court's] review.'" *Torres-Perez*, 777 F.3d at 767 (quoting *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009)). Because Schofield preserved the issues he now raises in this court and because he only challenges the district court's legal conclusions (not its factual findings), we review whether he is required to register under SORNA *de novo*. *United States v. Gonzalez-Medina*, 757 F.3d 425, 427 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1529 (2015); *United States v. Morgan*, 311 F.3d 611, 613 (5th Cir. 2002) ("We review the district court's legal conclusions, however, *de novo*.").

## III. DISCUSSION

SORNA, 42 U.S.C. §§ 16901–16962, establishes a national sex offender registry "to protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. A sex offender must "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). SORNA defines a "sex offender" as a person "who was convicted of a sex offense." 42 U.S.C. § 16911(1). Excluding exceptions not relevant here, SORNA defines "sex offense" as:

> (i)  a criminal offense that has an element involving a sexual act or sexual contact with another;
> (ii)  a criminal offense that is a specified offense against a minor;
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;
> (iv)  a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
> (v)  an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

4

No. 14-11293

42 U.S.C. § 16911(5)(A).  Schofield's criminal offense did not involve sexual contact and was not a military offense, making subsections (i) and (iv) inapplicable here.  Additionally, subsection (iii) does not include 18 U.S.C. § 1470, so Schofield's offense is not a sex offense under this subsection. Therefore, Schofield must register as a sex offender only if he attempted to commit an offense under subsection (v) that is "described in" subsection (ii) as "a criminal offense that is a specified offense against a minor."    42 U.S.C. § 16911(5)(A)(ii), (v).

SORNA defines "criminal offense" as "a State, local, tribal, foreign, or military offense . . . or other criminal offense." 42 U.S.C. § 16911(6).  SORNA then defines "a specified offense against a minor" as

> an offense against a minor that involves any of the following:
> (A)  An offense (unless committed by a parent or guardian) involving kidnapping.
> (B)  An offense (unless committed by a parent or guardian) involving false imprisonment.
> (C)  Solicitation to engage in sexual conduct.
> (D)  Use in a sexual performance.
> (E)  Solicitation to practice prostitution.
> (F)  Video voyeurism as described in section 1801 of Title 18.
> (G)  Possession, production, or distribution of child pornography.
> (H)  Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
> (I)  *Any conduct that by its nature is a sex offense against a minor.*

42 U.S.C. § 16911(7) (emphasis added).  Subsection (I), the "SORNA residual clause," is the relevant provision here since no other provision could encompass Schofield's offense.  Thus, for Schofield's offense to constitute a sex offense, it must be a "criminal offense" that involves "any conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(5)(A)(ii), (7)(I).   Our analysis of whether Schofield's attempted transfer of obscene material to a minor

5

constitutes a sex offense proceeds in three parts.  First, we consider whether a violation of 18 U.S.C. § 1470 can qualify as a sex offense under SORNA when it is not listed among the federal offenses SORNA defines as sex offenses. Because we conclude that it can qualify as a sex offense, we next consider whether Schofield's offense is a "specified offense against a minor" under the SORNA residual clause.  Finally, we address whether the SORNA residual clause is ambiguous or unconstitutionally vague.  We conclude that because the attempted transfer of obscene material to a minor is a "specified offense against a minor" and because SORNA is neither ambiguous nor vague, Schofield's offense is a sex offense, requiring SORNA registration.

**A. Schofield's Offense Can Qualify as a Sex Offense Under SORNA**

Although SORNA lists a number of federal offenses that qualify as sex offenses, Schofield's offense—a violation of 18 U.S.C. § 1470—is not among them.  Therefore, we first determine whether the attempted transfer of obscene material to a minor can qualify as a sex offense under SORNA.  Because it is not an enumerated federal offense under 42 U.S.C. § 16911(5)(A)(iii), a violation of 18 U.S.C. § 1470 can only qualify as a sex offense if it is "a criminal offense that is a specified offense against a minor" under 42 U.S.C. § 16911(5)(A)(ii).  Schofield argues that because subsection (iii) does not include 18 U.S.C. § 1470, Congress intended to exclude this offense as one of the federal offenses that qualify as sex offenses under SORNA.  Schofield further argues that because Congress excluded 18 U.S.C. § 1470 from subsection (iii), this offense cannot qualify as a sex offense under subsection (ii), as this would extend the statute to offenses beyond those Congress intended to include.  While this court has never confronted whether a violation of a federal statute not listed in subsection (iii) can nevertheless qualify as a sex offense, the Eleventh Circuit's opinion in *United States v. Dodge*, 597 F.3d 1347 (11th Cir. 2010) (en banc), is instructive.

No. 14-11293

In *Dodge*, the defendant violated the same federal statute as Schofield and argued, similar to Schofield, that because 18 U.S.C. § 1470 was not one of the federal offenses listed under 42 U.S.C. § 16911(5)(A)(iii), he could not be required to register as a sex offender under either subsection (ii) or (iii). *Id.* at 1351–52. After examining SORNA's plain language, structure, legislative history, and purpose, the court rejected the defendant's argument and held that a violation of 18 U.S.C. § 1470 could fall within subsection (ii). *Id.* at 1352. The court explained that "[t]aken as a whole, the statute does not suggest an intent to exclude certain offenses but rather to expand the scope of offenses that meet the statutory criteria" and that "[t]o exclude entirely the obscenity statutes from SORNA's reach would be inconsistent with the broad purpose and scope of SORNA . . . ." *Id.* The court went on to hold that "[n]othing in the plain language of 42 U.S.C. § 16911(5)(A)(iii), when read together with the rest of the statute, prohibits an unenumerated federal offense such as 18 U.S.C. § 1470 from qualifying as a 'specified offense against a minor' [under subsection (ii)]."[2] *Id.* at 1353. We agree with the Eleventh Circuit. Additionally, we have previously explained that "SORNA's language confirms 'that Congress cast a wide net to ensnare as many offenses against children as possible.'" *Gonzalez-Medina*, 757 F.3d at 431 (quoting *Dodge*, 597 F.3d at 1355). Excluding a federal statute not explicitly enumerated in 42 U.S.C. § 16911(5)(A)(iii) is not consistent with "cast[ing] a wide net." *Id.* Accordingly, we conclude that a violation of 18 U.S.C. § 1470 can qualify as a sex offense under subsection (ii).

---

[2] The court also explained that "[i]f Congress intended that 42 U.S.C. § 16911(5)(A)(iii) represent a closed universe of federal crimes requiring SORNA registration, Congress would not have listed another specific federal crime in defining 'specified offense against a minor' [under § 16911(5)(A)(ii)]." *Dodge*, 597 F.3d at 1353.

## B. Schofield's Offense Falls Within the SORNA Residual Clause

We now consider whether Schofield's attempted transfer of obscene material to a minor constitutes a "specified offense against a minor" under subsection (ii).  To do so, we look to § 16911(7), which includes a list of enumerated offenses and specific conduct that constitute "specified offense[s] as a minor."  However, because Schofield's offense and conduct toward a fifteen-year-old girl do not fit squarely within any listed offenses or conduct, our inquiry focuses on whether Schofield's offense involves "[a]ny conduct that by its nature is a sex offense against a minor," 42 U.S.C. § 16911(7)(I), under the SORNA residual clause.  The Supreme Court has announced three separate analytical frameworks that focus courts' inquiries and control what courts may consider when deciding whether a defendant's offense qualifies for a sentencing enhancement under a separate statutory provision, such as the SORNA residual clause.  *See United States v. Price*, 777 F.3d 700, 704–05 (4th Cir. 2015), *cert. denied*, 135 S. Ct. 2911 (2015).  Two of those frameworks are relevant here: the categorical and non-categorical approaches.[3]

First, when applying the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood" that triggers the sentencing enhancement.  *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  "If the [offense of conviction] has the same elements as the 'generic' . . . crime [in the sentencing enhancement], then the prior conviction can serve as [the] predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is 'necessarily . . . guilty of all the [generic crime's] elements.'"  *Id.* at 2283 (last alternation in original)

---

[3] The third approach, the modified categorical approach, is not relevant to this case and neither party urges us to apply it.  We note that some courts refer to the non-categorical approach as the circumstance-specific approach. *E.g.*, *Price*, 777 F.3d at 705.

No. 14-11293

(quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Second, courts applying the non-categorical approach focus "on the facts—not the elements— relating to the prior conviction." *Price*, 777 F.3d at 705. "In utilizing the [non-categorical] approach, the reviewing court may consider reliable evidence concerning whether the prior offense involved conduct or circumstances that are required by the [sentencing] statute." *Id.*

Schofield urges this court to apply the categorical approach to determine whether his conduct falls within the SORNA residual clause and thus within 42 U.S.C. § 16911(5)(A)(ii), while the Government argues that the non-categorical approach is appropriate here. Schofield argues that when a statute uses the term "convicted," as SORNA does in 42 U.S.C. § 16911(1), the Supreme Court has directed lower courts to apply the categorical approach. *See Taylor*, 495 U.S. at 588–89 (approving the use of the categorical approach when the defendant had been convicted of burglary). He further argues that the SORNA residual clause, when read in the context of the overall statute, provides an ambiguous, circular, and vague definition of "sex offense." Schofield maintains that in the face of this ambiguity, courts have an obligation to apply the categorical approach and find that conduct does not constitute a sex offense if the elements of the offense do not warrant it.[4] Finally, Schofield argues that, although the SORNA residual clause was meant to capture as many offenses against children as possible as sex offenses, this does not require or direct courts to employ the non-categorical approach.

The Government contends that the non-categorical approach applies here because the SORNA residual clause makes the conduct of the defendant, not the elements of his offense, the focus of the inquiry. This is reinforced by

---

[4] Schofield also argues that the ambiguity in SORNA rises to the level of unconstitutional vagueness. We address this issue below.

the fact that the residual clause requires an inquiry into the "nature" of the conduct.  Because the focus of the residual clause inquiry is conduct, and not whether the defendant was convicted of a particular crime, the Government argues that the non-categorical approach applies. *Price*, 777 F.3d at 705.  The Government points to three separate cases where courts applied the non-categorical approach to interpret the SORNA residual clause. *Price*, 777 F.3d at 709–10 (applying the non-categorical approach to the SORNA residual clause when the defendant was convicted of assault and battery of a high and aggravated nature); *Dodge*, 597 F.3d at 1353–56 (applying the non-categorical approach to the SORNA residual clause when the defendant was convicted of a violation of 18 U.S.C. § 1470 and finding that the defendant committed a sex offense); *United States v. Mi Kyung Byun*, 539 F.3d 982, 990–93 (9th Cir. 2008) (applying the non-categorical approach to the SORNA residual clause to determine whether the victim was a minor).  The Government also notes that while this court has never applied the non-categorical approach to the SORNA residual clause, it has applied that approach to a different provision of SORNA. *See Gonzalez-Medina*, 757 F.3d at 429–32 ("[T]he language, structure, and broad purpose of SORNA all indicate that Congress intended a non-categorical approach to the age-differential determination in [42 U.S.C. § 16911(5)(C)].").  In that case, we also examined Supreme Court precedent and concluded that, contrary to Schofield's contention that the term "convicted" requires a categorical approach, "[t]he use of the term 'convicted' . . . is not always determinative." *Id.* at 429.

While circuit precedent and this court's prior decision in *Gonzalez-Medina* tend to favor the application of the non-categorical approach, we need not decide which approach applies here because Schofield's offense is a sex offense under both the non-categorical and categorical approaches. We begin with the non-categorical approach.  Consistent with the "broad discretion [of

courts] to determine what conduct is 'by its nature' a sex offense [under SORNA]," *Dodge*, 597 F.3d at 1355, we find that Schofield's conduct in attempting to send a video of an adult male masturbating to a fifteen-year-old girl falls within the SORNA residual clause. As the court in *Dodge* noted, "[t]he key is conduct that contains a 'sexual component' toward a minor," and "judges do not need a statute to spell out every instance of conduct that is a sexual offense against a minor." *Id.* Schofield's sending a video of an adult male masturbating clearly involves engaging with a fifteen-year-old girl on a sexual level, so his conduct includes a sufficiently "sexual component toward a minor" to fall within the SORNA residual clause. *Id.*

When applying the non-categorical approach to the SORNA residual clause, previous courts have considered the similarity between the conduct underlying the defendant's offense and conduct that clearly requires registration under SORNA. *Dodge*, 597 F.3d at 1356; *Mi Kyung Byun*, 539 F.3d at 989–90. We observe that there is little difference between Schofield's conduct as charged under 18 U.S.C. § 1470 and conduct that obviously requires registration. For example, 18 U.S.C. § 2252B(b) criminalizes the use of a "misleading domain name on the Internet with the intent to deceive a minor into viewing material that is harmful to minors."[5] Under this statute, which is one of the enumerated federal offenses constituting a sex crime under 42 U.S.C. § 16911(5)(A)(iii), depictions of acts of masturbation are included in the definition of "material that is harmful to minors." Thus, if Schofield had attempted to deceive a fifteen-year-old girl into viewing the images he transmitted, he certainly would have been required to register under SORNA. As the *Dodge* court explained, "[i]t would be a bizarre result not to compel his

---

[5] The Eleventh Circuit also observed that there was little difference between the defendant's conduct in *Dodge* and conduct that "would undoubtedly be registerable under 18 U.S.C. § 2252B(b)." *Dodge*, 597 F.3d at 1355–56.

registration simply because he is a truthful predator." *Dodge*, 597 F.3d at 1356.

As with the non-categorical approach, Schofield's offense also falls within the SORNA residual clause under the categorical approach, which requires us to compare the elements of Schofield's offense of conviction and the elements of the offense requiring SORNA registration. Under a categorical approach to "[a]ny conduct that by its nature is a sex offense against a minor," 42 U.S.C. § 16911(7)(I), we must determine whether a defendant's offense of conviction includes two elements: (1) the victim is a minor and (2) the conduct is sexual in nature. Section 1470 requires that (1) the victim be less than sixteen years old, i.e., a minor, and (2) the material transferred be "obscene." 18 U.S.C. § 1470. The offense of conviction clearly includes the first element of the SORNA residual clause—that the victim be a minor. The transfer of obscene material to a minor also includes the second element—that the conduct be sexual in nature—as the Supreme Court has defined obscenity in exclusively sexual terms. *See Miller v. California*, 413 U.S. 15, 24 (1973) ("As a result, we now confine the permissible scope of such regulation [of obscene materials] to works which depict or describe sexual conduct."). Because Schofield's offense of conviction includes both elements of the SORNA residual clause, his offense is a sex offense under the categorical approach.

**C. The SORNA Residual Clause Is Neither Ambiguous, Nor Vague**

Because Congress enacted SORNA with the intent to "ensnare as many offenses against children as possible" as sexual offenses, *Gonzalez-Medina*, 757 F.3d at 431 (quoting *Dodge*, 597 F.3d at 1355), the statute necessarily includes multiple parts to the definition of "sex offense." Schofield argues that defining a sex offense through the residual clause results in an ambiguous and unconstitutionally vague definition because reading (5)(A)(ii) and (7)(I) together defines a "sex offense" as "an offense against a minor that involves . . .

No. 14-11293

[a]ny conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(5)(A)(ii), (7)(I). Schofield points to two district court cases that found ambiguity in the SORNA residual clause because of this "circular" definition. *United States v. Baptiste*, 34 F. Supp. 3d 662, 677 (W.D. Tex. 2014); *see also United States v. Piper*, No. 1:12-cr-41-jgm-1, 2013 WL 4052897, at *9 (D. Vt. Aug. 12, 2013). Schofield also argues that because SORNA indicates the use of the categorical approach for some subsections but the non-categorical approach for others, it is unconstitutionally vague. Based on what Schofield describes as a circular, ambiguous, and vague definition, he argues that (1) the statute's ambiguity requires this court to defer to the regulations promulgated by the Department of Justice interpreting and applying SORNA (the "SMART Guidelines"), (2) this court should apply the categorical approach instead of the non-categorical approach, and (3) the SORNA residual clause is unconstitutionally vague.

In claiming that the residual clause is circular or ambiguous, Schofield misreads the statute. As the Government points out, "sex offense" as used in subsections 16911(1) and (5) is a term of art, to be defined later in the statute. Subsection 16911(7)(I) provides part of that definition and in doing so uses the term "sex offense" in its ordinary way, as a catch-all, to expand the universe of crimes encompassed by the statute, and its meaning is refined by the examples that surround it in the statute. The term "sex offense," when used in its ordinary way, is not ambiguous or vague even if used as a catch-all. The "key" according to the *Dodge* court is whether the offense involves a "sexual component," *Dodge*, 597 F.3d at 1355, and requiring courts and defendants to determine whether an offense involves a "sexual component" does not render the definition of "sex offense" ambiguous or vague. Indeed, Congress intended to expand the universe of offenses constituting sex offenses, and including an ordinary term to capture offenses not otherwise specified is consistent with

13

that intent. *See id.* ("Congress's stated purpose was to capture a wider range of conduct in its definition of a 'sex offense.'").

Because we do not find the SORNA residual clause circular or ambiguous, we take none of the actions Schofield requests. First given the absence of ambiguity in the statute, we need not address whether deference to the SMART Guidelines under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984), is required. *See Price*, 777 F.3d at 709 n.9 ("We need not accord *Chevron* deference to [the SMART] Guidelines."). Second, Schofield's offense constitutes a sex offense under both the categorical and non-categorical approaches, so we need not consider which approach is more appropriate. Third, given that the residual clause is not ambiguous, it certainly does not rise to the level of unconstitutional vagueness, and we turn to recent Supreme Court guidance to confirm this.

The Supreme Court recently held that the residual clause in the Armed Career Criminals Act (ACCA) was unconstitutionally vague because it essentially required potential defendants to guess what "ordinary" instances of several crimes involved and "how much risk it takes for a crime to qualify as a violent felony." *Johnson v. United States*, 135 S. Ct. 2551, 2557–58 (2015). The Court explained that instead of deciding whether a defendant's conduct fell within the ACCA residual clause, courts were required, under the ACCA, to imagine the kind of conduct that a crime involves in the "ordinary case" and judge whether that abstraction involved a serious potential risk of physical injury. *Id.* Based on the Court's reasoning in *Johnson*, we conclude that the SORNA residual clause is not unconstitutionally vague whether applied non-categorically or categorically. Under the non-categorical approach to the residual clause, we apply a qualitative standard—"[a]ny conduct that by its nature is a sex offense against a minor"—to the facts of an individual defendant's case. The Court in *Johnson* noted that "laws [which] require

gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*," like the SORNA residual clause, were distinguishable from the law it declared unconstitutionally vague. *Id.* at 2561. Similarly, the application of the categorical approach to the SORNA residual clause does not suffer from the same problems as the application of this approach to the ACCA residual clause. First, while the Court in *Johnson* found that the crimes listed prior to the ACCA residual clause were dissimilar, *Id.* at 2558, the crimes preceding the SORNA residual clause, which provide examples of "specified offense[s] against minor[s]," are much less divergent. For example, video voyeurism and child pornography are much more similar than burglary, arson, and extortion. *Compare* 42 U.S.C. § 16911(7)(F)–(G), *with* 18 U.S.C. § 924(e)(2)(B)(ii). Second, the Court in *Johnson*, 135 S. Ct. at 2558, found "repeated attempts and repeated failures" on the part of the Supreme Court and the courts of appeals "to craft a principled and objective standard out of the [ACCA] residual clause." *Id.* No such failures are apparent with respect to the SORNA residual clause, *see, e.g.*, *Dodge*, 597 F.3d at 1354–56 (applying the SORNA residual clause without noting any difficulty in crafting an appropriate standard).

Because the SORNA residual clause is neither ambiguous nor vague, we may apply its plain language to Schofield's offense. A violation of 18 U.S.C. § 1470 can qualify as a sex offense under SORNA. Applying either the non-categorical or categorical approach to Schofield's attempted transfer of obscene material to a minor, his offense of conviction falls within the SORNA residual clause, and he must therefore register as a sex offender.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.