# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JASON PAUL ROBERTS,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-267

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Jason Paul Roberts pleaded guilty to attempting to transfer obscene material to a minor under the age of 16 in violation of 18 U.S.C. § 1470. The district court imposed an above-guidelines sentence of 63 months of imprisonment to be followed by a three-year term of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10061

Among other conditions of supervised release are the following:

[T]he defendant shall register with state and local law enforcement as directed by the probation officer in each jurisdiction where the defendant resides, is employed, or is a student.

The defendant shall provide all information required in accordance with state registration guidelines.

Initial registration shall be completed within 3 business days after release from confinement.

The defendant shall provide written verification of registration to the probation officer within 3 business days following registration.

This registration shall be renewed as required by the defendant's assigned tier.

The defendant shall, no later than three business days after each change of name, residence, employment, or student status, appear in person in at least one jurisdiction and inform that jurisdiction of all changes in the information required in the sex offender registry.

The court's written judgment included a verbatim recitation of the conditions pronounced at sentencing. Although the standard judgment form contains a box where the court could indicate that the defendant was required to comply with the requirements of the Sex Offender Registration and Notification ACT (SORNA), the district court did not check that box. The government filed a motion to correct the written judgment suggesting that the court's failure to check the SORNA box was a clerical error. The district court denied the motion, noting that the box was "surplusage."

Roberts challenges the length of his custodial sentence and the lawfulness of the registration requirement. With respect to the latter issue, he also moves to remand so that the district court can clarify whether it imposed a SORNA registration obligation.

No. 15-10061

Roberts first argues that the term of imprisonment was unreasonable because it was based, in part, on his rehabilitative needs. *See* 18 U.S.C. § 3582(a); *Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011). At sentencing, defense counsel objected only to the reasonableness of the sentence without mentioning the court's alleged consideration of Roberts's rehabilitative needs. Accordingly, our review is for plain error. *See United States v. Wooley*, 740 F.3d 359, 368 (5th Cir. 2014).

The court gave a lengthy and detailed explanation of its reasons for imposing the sentence that referred to the section 3553(a). *See* The district court made only a single comment about Roberts's rehabilitative needs. That remark came in response to defense counsel's statement that Roberts was in need of an "interdiction." Although the court noted that Robert's need for help "also" supported a longer sentence, it emphasized that the interest in "protecting the public" as justification for the length of the sentence imposed. Roberts has not demonstrated a clear or obvious *Tapia* error. We therefore reject the challenge to the prison term.

Roberts next argues that the district court's judgment was ambiguous as to whether the sex offender registration requirements imposed by the district court are identical to, in addition to, or in lieu of SORNA. If the district court did impose a SORNA requirement, Roberts contends that the law does not apply to his conviction because section 1470 is not a "sex offense" under SORNA. *But see United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015) (holding that attempting to transfer obscene material to a minor in violation of 18 U.S.C. § 1470 "can qualify as a sex offense under SORNA").[1] If the district court did not impose SORNA registration and instead ordered registration as

---

[1] *Schofield* was decided after Roberts was sentenced and after Roberts filed his brief in this appeal.

No. 15-10061

an independent condition of supervised release, Roberts argues that this order was an abuse of discretion because he is not legally required to register under SORNA and neither state nor federal law has a mechanism for voluntary sex offender registration.

We agree that it is not clear whether the district court imposed a SORNA requirement or instead some other registration obligation. Some requirements are at odds with SORNA.  For example, the district court required that Roberts register within three business days after release from imprisonment.  Yet SORNA requires registration before completion of the prison sentence.  *See* 42 U.S.C. § 16913(b)(1).  As previously mentioned, the court did not check the SORNA box on the judgment.  And the district court did not specifically invoke SORNA in the registration requirement.  *See* 18. U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.").

But there are other indications that the district court did impose a SORNA obligation.  The district court ordered Roberts to renew his registration as required by his assigned "tier," which refers to the SORNA registration scheme.  *See* 42 U.S.C. § 16915 (the length of an offender's duty to register under SORNA depends on the "tier" assigned to the offense).  And, in denying the motion to alter the judgment, the district court explained that checking the SORNA box would be "surplusage."

Rather than engaging in guesswork about whether the district court intended to impose the registration requirement pursuant to SORNA, the better course is to remand to the district court to clarify the source and scope of the registration requirement it was imposing.

No. 15-10061

The custodial sentence imposed by the district court is AFFIRMED.   We GRANT Roberts's motion to remand for the limited purpose of allowing the district court to clarify whether it intended Roberts to register pursuant to SORNA.