# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO DEL ANGEL-CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-65-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eduardo Del Angel-Castillo ("Del Angel") pleaded guilty to being an alien found to be in the United States unlawfully after a previous removal, in violation of 8 U.S.C. § 1326(a). His Presentence Investigation Report ("PSR") calculated a guidelines sentencing range of one to seven months. The PSR recited in detail the circumstances of Del Angel's arrest for sexual assault and aggravated assault with a deadly weapon after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raping his girlfriend and threatening her with a knife.  Del Angel pleaded guilty to one count of sexual assault and received eight years of deferred adjudication.  One count of aggravated assault with a deadly weapon was dismissed.

The district court varied upward and sentenced Del Angel to the statutory maximum of 24 months of imprisonment based on his violent history and characteristics and the need to protect the public.  Del Angel now challenges the procedural and substantive reasonableness of his sentence.  We first review for significant procedural error.  *See United States v. Hebert*, 813 F.3d 551, 559 (5th Cir. 2015), ), *cert. denied* 2016 WL 1134360 (U.S. Oct. 3, 2016) (No. 15-1190).  "Second, if the sentence is procedurally sound or if the procedural error is harmless, this Court 'considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'"  *Hebert*, 813 F.3d at 559 (alteration omitted) (quoting *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2015)).[1]

With respect to procedural reasonableness, the district court was entitled to rely on the detailed factual recitation in the PSR regarding Del Angel's assaults on his girlfriend, which was based on the results of a police investigation and not rebutted by any evidence or testimony submitted by Del Angel.  *See United States v. Fuentes*, 775 F.3d 213, 219-20 (5th Cir. 2014).  Although the district court was apparently mistaken that Del Angel had been convicted of aggravated assault with a deadly weapon as well as sexual assault, we are persuaded that the error was harmless.  *See United States v. Torres-Perez*, 777 F.3d 764, 768 (5th Cir. 2015).  The district court explicitly stated its intention to impose the longest sentence of imprisonment available based on

---

[1] We will assume that Del Angel preserved the issues he now raises on appeal because his arguments fail even under a more lenient standard of review.

No. 16-40633

Del Angel's history of violent conduct, and the government persuasively argues that nothing in the record indicates that the district court would have imposed a sentence below the statutory maximum if it had correctly noted that Del Angel's violent conduct had resulted in only one conviction instead of two. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

With respect to substantive reasonableness, the district court was entitled to consider Del Angel's criminal history and the underlying circumstances of the assaults on his girlfriend. *See United States v. Vargas-Soto*, 700 F.3d 180, 184 (5th Cir. 2012). The above-guidelines sentence imposed was "commensurate with the individualized, case-specific reasons provided by the district court" and within the range of upward variances we have affirmed in the past. *See United States v. McElwee*, 646 F.3d 328, 338, 344-45 (5th Cir. 2011). Considering our deferential review, Del Angel's contention that the district court put too much weight on his criminal history and his disagreement with the magnitude of the variance is insufficient to warrant reversal. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Hebert*, 813 F.3d at 562.

AFFIRMED.