# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20043
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR ARELLANO ORTUNO, also known as Pollo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-143-2

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cesar Arellano Ortuno plead guilty, without the benefit of a plea agreement, to one count of conspiracy to possess with intent to distribute a quantity of 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii), and two counts of aiding and abetting in the possession with intent to distribute a quantity of 500 grams or more of a mixture or substance containing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20043

methamphetamine, in violation of 18 U.S.C. § 2 and § 841(a)(1), (b)(1)(A)(viii). He received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because his offense involved the importation of methamphetamine. He was sentenced to a total term of 210 months of imprisonment and five years of supervised release.

According to Ortuno, the district court erred in finding that his offense involved the importation of methamphetamine because the evidence was insufficient to support such a conclusion. Since Ortuno did not raise this argument before the district court, we review for plain error on appeal. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015); *see also United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015) (noting that this court, not the parties, determines the appropriate standard of review).

In the presentence report (PSR), the probation officer—relying upon law enforcement investigative files and reports—concluded that the methamphetamine recovered in this case was imported from Mexico. The district court also heard testimony at sentencing from an experienced federal agent that, in light of the large quantity and the high purity level of the methamphetamine in this case, the drugs had been imported from Mexico. The same agent also testified regarding intercepted telephone calls between one of Ortuno's co-defendants and a man in Mexico in which they discussed details of an upcoming delivery of methamphetamine that were consistent with a delivery of methamphetamine received by Ortuno. The information in the PSR, coupled with the testimony at sentencing, supports a finding that the methamphetamine in this case was imported from Mexico, *see United States v. Serfass*, 684 F.3d 548, 553-54 (5th Cir. 2012); the district court committed no error, much less a clear or obvious error, *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

No. 19-20043

Ortuno also argues that the district court erred in concluding that § 2D1.1(b)(5) does not require that the defendant know that the methamphetamine was imported.  This argument is foreclosed by *Serfass*, 684 F.3d at 553-54, and *United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. 2014). *See United States v. Kearby*, 943 F.3d 969, 976 & n.8 (5th Cir. 2019) (recognizing that *Serfass* and *Foulks* foreclose this argument), *petition for cert. filed* (U.S. Feb. 18, 2020) (No.19-7735).  Ortuno acknowledges that this issue is foreclosed by *Serfass*, but he argues that *Serfass* was wrongly decided and that this court should revisit the issue in light of *United States v. Job*, 871 F.3d 852 (9th Cir. 2017) (declining to adopt this court's conclusion that § 2D1.1(b)(5) does not require a mens rea element).  However, one panel of this court may not overrule a decision made by a prior panel "[a]bsent an intervening Supreme Court or en banc decision or a change in statutory law." *United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).   Accordingly, the judgment of the district court is AFFIRMED.