# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-50050
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric James Schrock,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-76-1

———————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Eric James Schrock appeals the 60-month, above-guidelines sentence imposed on revocation of his term of supervised release. He argues that the revocation sentence is substantively unreasonable because the district court impermissibly based its sentence on unproven allegations of new law violations.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because Schrock did not object below upon the grounds which he now appeals, we review Schrock's unpreserved challenge to the district court's alleged consideration of unproven allegations for plain error. *See United States v. Zarco-Beiza*, 24 F.4th 477, 482 (5th Cir. 2022); *see also United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015). To establish plain error, Schrock must show a forfeited error that is clear or obvious, rather than subject to reasonable dispute, and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

"A sentence is substantively unreasonable if it . . . gives significant weight to an irrelevant or improper factor and that impermissible consideration is a dominant factor in the court's revocation sentence." *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020) (internal quotation marks and citations omitted). One such impermissible factor is the reliance "on a bare allegation of a new law violation contained in a revocation petition unless the allegation is supported by evidence adduced at the revocation hearing or contains other indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest." *Id.* at 687.

Schrock has not established that the allegations of new law violations in the revocation petition amounted to that of a bare arrest record because the petition included a detailed summary of the facts and circumstances leading to Schrock's arrest. *See id.* Moreover, the district court's brief reference to the unproven allegations when describing Schrock's pattern of supervised release violations indicates that this information was not a dominant factor in the court's sentencing decision. *See id.* at 685-86. Accordingly, Schrock has not established error, plain or otherwise. *See*

No. 24-50050

*Zarco-Beiza*, 24 F.4th at 482.  The district court's judgment is therefore AFFIRMED.